UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 09-095 (WOB-CJS)

GAIL L. LINTON                                          PLAINTIFF

VS.              MEMORANDUM OPINION
                     AND ORDER

KENTUCKY JUSTICE
AND PUBLIC SAFETY
CABINET, DEP'T OF
JUVENILE JUSTICE,
ET AL.                                                  DEFENDANTS

This matter is before the court on defendants' motion for summary judgment (Doc. 27)  The primary issue is whether plaintiff has released the majority of her claims.

**FACTUAL BACKGROUND**

Plaintiff was employed as a food services manager by the defendant. A timeline of the material events is helpful:

**8/6/07.** Although told by her supervisors not to do so, plaintiff attended a disciplinary meeting for a co-worker and refused to leave when asked to do so. Second, she made a remark to her supervisor concerning how he tucked in his shirt, which was interpreted by management as an attempt at intimidation by threatening to bring a sexual harassment charge. Lastly, she was asked to respond to

some written questions concerning this conduct and did so late, although on the same day.

**8/7/07**. Plaintiff began a previously scheduled medical leave to have an operation.

**10/25/07**. Plaintiff returned from medical leave and allegedly was assigned additional duties in retaliation for her above conduct. She alleges this return to work was delayed, when she could have been furnished light duty.

**11/5/07**. A disciplinary hearing was held with regard to the above actions. Plaintiff was advised that disciplinary action was pending.

**11/8/07**. Plaintiff filed three appeals to the Kentucky Personnel Board. Plaintiff alleges:

> At an October 11, 2007 meeting, (before her actual return to work) Ms. Mardis told Ms. Linton that she (Linton) was going to be disciplined for allegedly not leaving the first meeting on August 6, 2007, and that she had to return as a cook. Based upon her conversation with Ms. Mardis, Ms. Linton appealed the actions taken by Defendant to the Kentucky Personnel Board ("KPB"). She made three separate complaints in her appeal, namely: (1) that she was returned to Cook II duties (in addition to her FSO Manager duties) after returning from medical leave; (2) that she was receiving pending discipline for allegedly not leaving the August 6, 2007 co-employee meeting (designated as first meeting above), and (3) that she was not afforded mediation prior to her disciplinary hearing.

**1/14/08**. Plaintiff actually received the written reprimand. The introductory paragraph reads:

As reported by Debbie Mardis, Fiscal Manager, you demonstrated misconduct on August 6, 2007, by your refusal to follow the directive of your supervisor when ordered to leave a meeting regarding the discipline of a co-worker, making veiled threats toward the facility superintendent and failure to provide a written response regarding your actions by the designated time as requested by a facility superintendent.

**7/11/08**. A hearing on the appeal was held. During the hearing a settlement was reached.

**8/18/08**. A release pursuant to the settlement was executed by plaintiff, which reads in pertinent part:

**RELEASE AND SETTLEMENT AGREEMENT**

**THER (*sic*) RELEASE AND SETTLEMENT AGREEMENT** ("Release") is made this 18th day of August, 20008, by and between GAIL LINTON (hereinafter "APPELLANT") and the Commonwealth of Kentucky, Justice and Public Safety Cabinet, Department of Juvenile Justice, (hereinafter "DJJ").

WITNESSETH:

**WHEREAS**, the parties hereto are parties to an administrative appeal styled <u>Gail Linton v. Department of Juvenile Justice, Kentucky Personnel Board Appeal No. 2007-369, 2007-370, 2007-371</u> (hereinafter "Appeal").

**WHEREAS**, in the Appeal the Appellant has made certain claims and allegations against DJJ in regard to Appellant's return to work from extended sick leave as well as a written reprimand issued for conduct preceding the extended sick leave;

**WHEREAS**, the parties hereto now desire to compromise and settle any and all claims arising from the issues in the Appeal and to dismiss the Appeal on the following terms and conditions:

3

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements contained herein**,** the parties agree as follows:

> 1. DJJ will restore sick leave to Appellant for leave used during the time period beginning on August 28, 2007 up to Appellant's date of return to work, October 25, 2007.
>
> 2. DJJ agrees to remove the written reprimand from Appellants personnel file.
>
> 3. DJJ shall pay the Appellant the sum of ten thousand dollars ($10,000.00).
>
> 4. Appellant agrees to withdraw her appeal.
>
> * * * *
>
> 7. . . .
>
>    (A) The parties further agree to dismiss *any and all claims arising from the above-referenced administrative claim, with prejudice*, and each party shall bear their own costs and expenses incurred herein.

(Doc. 27-3) (emphasis added).

**8/13/10**. Amended complaint filed in which plaintiff alleges that in retaliation for the events of Aug. 6, 2007, she was assigned additional duties on her return to work, the reprimand was issued, and:

> 18. From the day she returned from the hospital there has been a continuous series of false accusations and misdirected verbal and written reprimands that have made Ms. Linton's life at work intolerable. These reprimands have continued to the present.
>
> * * * *

4

21. Although Ms. Mardis was no longer her direct supervisor, Mardis was still the Fiscal Manager. All the funds Plaintiff spent as food manager on supplies for the kitchen went through Mardis for her approval. The atmosphere was electric. Most of the persons who worked with Plaintiff reported every move she made to Mardis. Plaintiff Linton was criticized for the slightest deviation from the norm. She was given a verbal reprimand for calling from home to check the delivery of a food order. She was instructed never to do this again and to write in .25 hours on her time card.

In another incident Ms. Linton received a directive telling her not to use premade meals – to prepare all meals from scratch. However, some premade meals were already in stock. When she used them she was severely verbally reprimanded.

Other employees are not treated in this way. Many other incidents could be cited to show how differently she was treated – *all because she asked Carter to take care putting in his shirt tail*.

22. The above acts and particularly the written reprimand are a violation of 42 USC 2000e-2(a) and 42 USC 2000e-3(a) in that they create a hostile work environment to defeat the statutory privileges of all workers *i.e.* the right to report violations of the statute. The hostile acts were undertaken in retaliation for Ms. Linton's opposition to Superintendent Carter's dropping of his pants in public.

Amended Complaint (Doc. 17), at 6-7 (emphasis added).

## ANALYSIS

### A. Pre-Release Events

Little analysis of this issue is required because it is quite obvious that plaintiff alleges that all acts described in the amended complaint arose out of the incidents of August 6, 2007. In fact, plaintiff

specifically alleges that her complaints all arose "because she asked [a supervisor] to take care putting in his shirt tail." (Am. Compl. ¶ 21) This incident occurred on that date and was part of the conduct that was the subject of the reprimand. The shirt-tucking remark was specifically mentioned therein. As part of the settlement the reprimand was removed from plaintiff's file. This entire scenario was part of plaintiff's appeal, which was settled and a release given by her in consideration of the settlement.

Therefore, the court holds that all claims arising before the date of the release are barred thereby.

### B. Post-Release Events

As to claims concerning events after the settlement, plaintiff's amended complaint is unclear as to whether she is attempting to allege only a traditional retaliation claim, a claim for retaliatory harassment, or a claim for discrimination. Regrettably, plaintiff's supplemental brief that the court ordered be filed sheds no light on this question. (Doc. 38 at 5)

Linton relies on two specific events that occurred after the execution of the release. First, she alleges that she was verbally reprimanded for calling work from home to check on a delivery of a food order. She claims that she was ordered to include the hours on her timecard.

6

Mark Cummins, a supervisor, submitted an affidavit stating that the "comp time" had to be pre-approved and Linton was reprimanded for working without prior approval. (Doc. 27-2). Second, Linton claims that she was "severely verbally reprimanded" for using pre-made meals which were already in stock. In the affidavit of Mark Cummins, he stated that Linton had been directed to stop using pre-made meals because DJJ believed it was cheaper to make meals from scratch. (*Id.*) Thus, he claims, when Linton continued to use pre-made meals, he discussed the issue with her.

Even viewed in plaintiff's favor, these events do not amount to adverse employment actions, nor do they give rise to an actionable claim for retaliatory harassment.

With respect to retaliation, the court is mindful of the Supreme Court's holding that a materially adverse employment action in the context of a Title VII retaliation claim is one that would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. V. White*, 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted). The Court emphasized the importance of the materiality requirement because "it is important to separate significant from trivial harms." *Id.* Further, this standard is an objective, not subjective, one. *Id.*

Applying this test, the court concludes as a matter of law that these two verbal reprimands are not materially adverse actions so as to support a retaliation claim. *See, e.g., Lahar v. Oakland County*, 304 F. App'x 354, 357 (6th Cir. 2008) (holding that reprimands were not materially adverse actions where they did not affect plaintiff's wages or prospects for advancement).

Further, the standard for an adverse action for a discrimination claim is more stringent than that for retaliation. *See Burlington*, 548 U.S. at 67. Examples of adverse employment actions include demotions, reductions in salary or job responsibilities, work reassignments, harassment to encourage the employee's resignation, and early offers of retirement. *Logan v. Denny's, Inc.*, 259 F.3d 558, 569 (6th Cir. 2001). Neither of the post-release events constitutes an adverse employment action. In both cases, Linton only received a verbal reprimand and there is no evidence that her employment was harmed as a result of the reprimands. *See Weigold v. ABC Appliance Co.*, 105 F. App'x 702, 708 (6th Cir. 2004) (finding reprimand does not constitute adverse employment action); *Covert v. Monroe County Dep't of Job & Family Servs.*, No. 2:08cv744, 2010 WL 2346550, at *8 (S.D. Ohio June 8, 2010) (same).

Finally, these two post-release events are not sufficiently severe or pervasive to raise a colorable claim for retaliatory harassment. *See Kurtz v. Mchugh*, No. 10-5042, 2011 WL 1885983, at *6 n. 2 (6th Cir. May 18, 2011) (noting that claim for retaliatory harassment must satisfy the "severe and pervasive" test applicable to hostile work environment claims).

In both instances, there is evidence that Linton violated work policies. Moreover, the verbal reprimands were not severe, threatening or humiliating. Finally, as the reprimands did not result in any disciplinary action or change in the terms of Linton's employment, there was no interference with Linton's work performance.

Therefore, there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that defendants' motion for summary judgment (Doc. 27) be, and is hereby, **GRANTED**. A separate judgment shall enter concurrently herewith.

This 1st day of August, 2011.



Signed By:
William O. Bertelsman  WOB
United States District Judge